LÓPEZ ET AL., PETICIONARIOS Y APELANTES, *v.* BENÍTEZ, DEMANDADO Y APELADO.

No. 3254.—*Visto:* Junio 23, 1924. *Resuelto:* Junio 25, 1924.

*Certiorari*—NULIDAD DE ORDENANZA DE LA ASAMBLEA MUNICIPAL—PARTE NECESARIA.—La nulidad de una ordenanza de la asamblea municipal creando un arbitrio sobre espectáculos públicos no puede válidamente considerarse en un procedimiento de *certiorari* dirigido contra el comisionado municipal de hacienda para que se declare ilegal el arbitrio y nulos la ordenanza y el reglamento promulgado por dicho comisionado para su cobro. En tal recurso la asamblea municipal era parte necesaria.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando sin lugar petición de *certiorari. Confirmada.*

*Guerra & Soldevila,* abogados de los apelantes; *J. de Guzmán Benítez,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Los apelantes son los dueños de cines o de teatros en la municipalidad de San Juan que están abiertos al público y acudieron ante el tribunal inferior con una petición de certiorari alegando que la Asamblea Municipal de San Juan había decretado ciertas ordenanzas estableciendo un arbitrio sobre el valor de cada papeleta que se vendiera para entrar en los teatros, cines, circos, hipódromos o en cualquier otro sitio que se celebren espectáculos públicos: que esas ordenanzas son ilegales por los motivos que se expresan en la petición y que el Comisionado Municipal de Hacienda de San Juan ha dictado órdenes para cobrar a los peticionarios el arbitrio aludido y ha promulgado un reglamento disponiendo la forma de pago de tal arbitrio y señalando obligaciones a los peticionarios por todo lo que pidieron al tribunal declarase que es ilegal el arbitrio en cuestión, nulas las ordenanzas que lo creó y sin valor ni efecto legal alguno el reglamento decretado para el cobro de dicho arbitrio.

Esa petición de *certiorari* fué dirigida contra la persona que ocupaba el cargo de comisionado municipal de hacienda quien alegó entre otras cosas que no era la persona contra la cual se debía dirigir la petición, y el tribunal inferior al declarar sin lugar el auto solicitado se fundó entre otras cosas en que no podía considerar válidamente la nulidad de esas ordenanzas municipales en un procedimiento en que no se ha hecho parte demandada, siéndolo necesaria, al organismo municipal que las decretó.

Estamos conformes con esa conclusión del tribunal sentenciador, pues teniendo por objeto este procedimiento de *certiorari* que se declaren nulas unas ordenanzas decretadas por la asamblea municipal imponiendo el arbitrio de que se quejan los peticionarios, debió ser demandada la asamblea municipal que las decretó por ser realmente la parte interesada en sostener su validez ante los tribunales ya que de un acto suyo se trata, pues el comisionado municipal de ha-

cienda no tiene la representación legal de la asamblea muni-
cipal y sólo es un cumplidor de sus acuerdos. Si no se so-
licitara la declaración de nulidad de las ordenanzas y sí sólo
del reglamento promulgado por el comisionado municipal de
hacienda para el cumplimiento de ellas la petición hubiera
estado bien dirigida contra él, pero desde el momento en que
se interesa que se declaren nulas las ordenanzas de la asam-
blea municipal, ésta debió ser demandada.

La cita que hacen los apelantes de 11 C.J., pág. 167, les
es contraria, pues en ella se dice que cuando el auto de *cer-
tiorari* se establece para revisar la actuación de un orga-
nismo municipal o de los oficiales municipales debe ser di-
rigido contra el organismo o contra los oficiales y no contra
un mero oficial subordinado. Y puesto que este procedi-
miento de certiorari tiene por objeto revisar las ordenanzas
decretadas por la asamblea municipal, este organismo era
parte necesaria en él y debió ser demandado.

Por el motivo expuesto la sentencia apelada debe ser
*confirmada.*

El Juez Asociado Sr. Wolf no intervino en la resolución
de este caso.